# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:10CR00030-001 |
| v. ) | **OPINION** |
| ) | |
| **STEVIE DANIELS JUSTUS,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Stevie Daniels Justus, Pro Se Defendant.*

The defendant, Stevie Daniels Justus, has filed a motion pursuant to 28 U.S.C. § 2255, contending that his sentence is invalid based upon the decision of the Supreme Court in *Johnson v. United States*, 135 S. Ct. 2551 (2015). After consideration of the United States' Motion to Dismiss, I find that Justus' motion must be dismissed.

The defendant was sentenced by this court on May 4, 2011, to 240 months imprisonment after pleading guilty to drug trafficking and firearms offenses. Count Six of his Indictment charged him with possession of a firearm after having been convicted of a felony and he was sentenced on that count to a statutory mandatory sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). He did not appeal.

The ACCA provides for an enhanced sentence if a defendant convicted of a firearm offense "has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Prior to *Johnson*, the term "violent felony" was defined in the ACCA as

> any crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). The second portion of the second clause ("or otherwise involves conduct that presents a serious potential risk of physical injury to another") is called the "residual clause" and was found to be unconstitutionally vague in *Johnson*.

On June 20, 2016, the defendant signed the present motion pursuant to 28 U.S.C. § 2255, contending that his sentence was invalid for various reasons, including the unconstitutionality of the residual clause.

Because Justus' predicate convictions under the ACCA were for serious drug offenses and not for violent felonies, *Johnson* does not apply to his case.[1] Accordingly, his motion is barred by one-year statute of limitations contained in 28 U.S.C. § 2255(f)(1).

A separate final order will be entered forthwith.

DATED: May 15, 2017

/s/ James P. Jones
United States District Judge

---

[1] Justus had been previously convicted in state court of five counts of distributing controlled substances and sentenced to three years imprisonment. Presentence Investigation Report ¶ 36, ECF No. 91.