# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 1:10CR00030-01 |
| v. | ) **OPINION** |
| STEVIE DANIELS JUSTUS, | ) By: James P. Jones |
| | ) United States District Judge |
| Defendant. | ) |

*Stevie Daniels Justus, Pro Se Defendant.*

The defendant, Stevie Daniels Justus, has filed a Petition for a Writ of Error Coram Nobis, contending that he was unlawfully convicted of using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c), which was Count One in the multi-count Indictment.[1] I find that the Petition for a Writ of Error Coram Nobis must be construed and dismissed as a successive Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.

Coram nobis relief has traditionally been available only to raise factual errors materially affecting the "validity and regularity of the underlying proceeding itself, such as the defendant's being under age or having died before the verdict."

---

[1] Justus also sent a $5.00 to the Clerk with the petition. Because of the disposition of the petition, the Clerk shall return the check to Justus in the care of his correctional facility's trust account officer.

*Carlisle v. United States*, 517 U.S. 416, 429 (1996) (internal quotation marks omitted). Justus argues that coram nobis is the appropriate relief because he has completed the sentence imposed for Count One. However, he is still serving consecutive sentences for other convictions from the same indictment and subject to supervised release for Count One, and thus, Justus remains "in custody" for purposes of coram nobis and § 2255. *See, e.g.*, *Garlotte v. Fordice*, 515 U.S. 39, 45 (1995) (holding that a habeas petitioner may challenge a served sentence to which a current sentence was consecutive because consecutive sentences are viewed in the aggregate and not as discrete segments); *United States v. Swaby*, 855 F.3d 233, 238-39 (4th Cir. 2017) (holding coram nobis relief is foreclosed if a petitioner is imprisoned and under a term of supervised release).

The petition must be construed as a § 2255 motion because coram nobis is not the appropriate vehicle for the relief sought. Although 28 U.S.C. § 1651(a) provides residual authority for courts to issue a writ of coram nobis, such authority ends where a statute controls. *Pa. Bureau of Corr. v. U.S. Marshals Serv.*, 474 U.S. 34, 43 (1985). In this case, statutory relief is available via 28 U.S.C. § 2255, and a procedural impediment to § 2255 relief, such as the rule against successive motions, does not render § 2255 inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997).

The construed § 2255 motion must be dismissed without prejudice as successive. The construed § 2255 motion challenges trial counsel's advice that Justus should plead guilty despite the alleged absence of a nexus between a firearm and a drug trafficking crime. The facts supporting this claim were known to Justus before he filed his first § 2255 motion, even if he did not understand the legal significance of the facts until recently. *Cf. United States v. Hairston*, 754 F.3d 258, 262 (4th Cir. 2014) (holding that § 2255 motion is not successive where "the facts relied on by the movant seeking resentencing did not exist when the numerically first motion was filed and adjudicated."). Because Justus has not shown that the United States Court of Appeals for the Fourth Circuit has authorized him to file a successive § 2255 motion, the construed § 2255 motion must be dismissed without prejudice as successive pursuant to 28 U.S.C. § 2255(h).

DATED: August 31, 2017

/s/ James P. Jones
United States District Judge